UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------------------X
DESHAWN DANIELS,

                                        Plaintiff,

           - against -

THE CITY OF NEW YORK,
POLICE OFFICER SHELDON BRUTUS,
POLICE DETECTIVE DEREK WOODEN,
POLICE SERGEANT DANIEL ORTIZ,
POLICE OFFICER JOHN/JANE DOE(S) #'s 1-2,

                                        Defendants.
----------------------------------------------------------------------------X

**AMENDED COMPLAINT**

**13-CV-02770 (JPO) (AJP)**

**PLAINTIFF DEMANDS TRIAL BY JURY ON ALL ISSUES**

       Plaintiff, DESHAWN DANIELS, by his attorneys, NASS & ROPER LAW, LLP, complaining of the Defendants, respectfully alleges, upon information and belief, as follows:

## I. PRELIMINARY STATEMENT

1. This is a civil rights action in which Plaintiff, DESHAWN DANIELS, seeks damages to redress the deprivation, under color of state law, of rights secured to him under the Fourth, Fifth, Sixth and Fourteenth Amendments of the United States Constitution. On or about April 4, 2012, at approximately 1:00 a.m., Plaintiff was walking in or around 59th and Columbus when he was approached by Defendants, POLICE OFFICER SHELDON BRUTUS, POLICE SERGEANT DANIEL ORTIZ, POLICE DETECTIVE DEREK WOODEN, POLICE OFFICER JOHN/JANE DOE(S) #'s 1-2 and falsely arrested suffering physical injuries. It is alleged that Defendants falsely arrested Plaintiff in violation of his constitutional rights, and used excessive force in effectuating his arrest. As a result of the excessive force used by Defendants, Plaintiff suffered physical and mental injuries.

## II. JURISDICTION

2. Jurisdiction is conferred upon this Court by 28 U.S.C. §1343 (3) and (4), which provides for original jurisdiction in this court of all suits brought pursuant to 42 U.S.C. §1983, and by 28 U.S.C. §1331, which provides jurisdiction over all cases brought pursuant to the Constitution and laws of the United States. This Court has pendant jurisdiction over Plaintiff's state law claims.

### III. PARTIES

3. Plaintiff DESHAWN DANIELS, at all times relevant hereto, resided at 200 West 143rd Street Apt 20D, in the County of New York, and in the City and State of New York.

4. Defendant CITY OF NEW YORK (hereinafter "CITY") is a municipal corporation, incorporated pursuant to the laws of the State of New York, which operates the New York City Police Department (hereinafter "NYPD"), and as such is the public employer of the Defendant officers herein.

5. Defendant POLICE OFFICER SHELDON BRUTUS was an NYPD police officer with the Homeless Outreach Unit, and at all relevant times hereto, acted in that capacity as an agent, servant, and/or employee of Defendant CITY and within the scope of their employment.

6. Defendant POLICE SERGEANT DANIEL ORTIZ (SH: 5178) was an NYPD police officer with the Homeless Outreach Unit, and at all relevant times hereto, acted in that capacity as an agent, servant, and/or employee of Defendant CITY and within the scope of their employment.

7. Defendant POLICE DETECTIVE DEREK WOODEN (SH: 14200) was an NYPD police officer with the Homeless Outreach Unit, and at all relevant times hereto, acted

      in that capacity as an agent, servant, and/or employee of Defendant CITY and within the scope of their employment.

8.     Defendants POLICE OFFICER JOHN/JANE DOE(S) #'s 1-2, were NYPD police officers, and at all relevant times hereto, acted in that capacity as agents, servants, and/or employees of Defendant CITY and within the scope of their employment.

9.     At all relevant times hereto, Defendant CITY was responsible for making and enforcing the policies of NYPD and was acting under the color of law, to wit, under color of the statutes, ordinances, regulations, policies, customs and usages of the State of New York and/or the City of New York.

## IV. FACTS

10.    On or about April 4, 2012, at approximately 1:00 a.m., Plaintiff, DESHAWN DANIELS, was walking down 12th avenue.

11.    Plaintiff was stopped by Defendants, including POLICE OFFICER SHELDON BRUTUS, POLICE SERGEANT DANIEL ORTIZ, POLICE DETECTIVE DEREK WOODEN and POLICE OFFICER JOHN/JANE DOE(S) #'s 1-2, and told he would be written a ticket for being present in the park after curfew hours.

12.    At no point did Plaintiff, DESHAWN DANIELS enter the park. Plaintiff was called to approach the entrance of the park by Defendants.

13.    Defendants, began mocking Plaintiff and told him they wanted to search him and issue him a ticket.

14.    Plaintiff said he could not afford a ticket and had nothing on him. Defendants, grabbed Plaintiff, handcuffed him and searched him. Defendants found nothing.

15. Plaintiff was improperly hoisted by Defendants up into the police van causing significant physical injury to Plaintiff DESHAWN DANIELS' finger ultimately requiring medical treatment.

16. Defendants then threw Plaintiff, DESHAWN DANIELS into the van and transported him to the Transit 1 precinct where he requested medical attention.

17. Plaintiff, DESHAWN DANIELS, was taken to Bellevue Hospital Center where he was treated for a Mallet Finger and given a date to return to the clinic.

18. Plaintiff was processed, fingerprinted, photographed and held overnight and after approximately one day was transferred to Central Booking where he was arraigned and charged with PL 195.05 Obstruction of Governmental Administration in the 2nd Degree; PL 205.30 Resisting Arrest and PR1-03(a)(1) Loitering in a New York City Park and PL 140.10 0A.

19. After approximately eight (8) appearances, on January 7th, 2013 all charges were dismissed against Plaintiff, DESHAWN DANIELS.

20. That on or around the 15th day of January, 2013, Plaintiff's Notice of Claim and Intention to sue was duly served upon and filed with the CITY; said Notice was filed within ninety (90) days after the cause of action herein accrued and set forth the name and post office address of Plaintiff, the nature of the claim, the time when, the place where, the manner in which the claim arose and the items of damage and injuries sustained.

21. That at least thirty (30) days have elapsed since the demand or claim upon which these actions are predicated was presented to CITY for adjustment or payment thereof and that it has neglected and/or refused to make adjustment or payment thereof.

## V. FIRST CAUSE OF ACTION
### Pursuant to §1983 (FALSE ARREST)

22. Paragraphs 1 through 21 of this complaint are hereby re-alleged and incorporated by reference herein.

23. That Defendants had neither valid evidence for the arrest of Plaintiff nor legal cause or excuse to seize and detain him for approximately twelve hours.

24. That in detaining Plaintiff for approximately twelve hours, and without a fair and reliable determination of probable cause, Defendant CITY abused its power and authority as a policymaker of the New York City Police Department under the color of State and/or local law.

25. Upon information and belief, it was the policy and/or custom of Defendants CITY to inadequately supervise and train their officers, staff, agents and employees, thereby failing to adequately discourage further constitutional violations on the part of their officers, staff, agents and employees.

26. As a result of the above described policies and customs, the officers, staff, agents and employees of Defendants CITY believed that their actions would not be properly monitored by supervisory officers and that misconduct would not be investigated or sanctioned, but would be tolerated.

27. The above described policies and customs demonstrated a deliberate indifference on the part of the policymakers of the CITY to the constitutional rights of arrestees and were the cause of the violations of Plaintiff's rights alleged herein.

28. By reason of Defendants acts and omissions, Defendant CITY, acting under color of state law and within the scope of its authority, in gross and wanton disregard of Plaintiff's rights, subjected Plaintiff to an unlawful detention, in violation of the

Fourth and Fourteenth Amendments of the United States Constitution and the laws of the State of New York.

29. By reason of the foregoing, Plaintiff suffered mental injuries, deprivation of liberty and privacy, humiliation, damage to reputation and other psychological injuries. All of said injuries may be permanent.

## VI. <u>SECOND CAUSE OF ACTION</u>
**Pursuant to State Law (FALSE ARREST)**

30. Paragraphs 1 through 29 are hereby re-alleged and incorporated by reference herein.

31. That the seizure, detention and imprisonment of Plaintiff was unlawful in that Defendants had no probable cause to detain, arrest and/or imprison him.

32. That Defendants intended to confine Plaintiff.

33. That Plaintiff was conscious of the confinement and did not consent to it.

34. That the confinement was not otherwise privileged.

35. By reason of Defendants acts and omissions, Defendants, acting in gross and wanton disregard of Plaintiff's rights, deprived him of his liberty when they subjected him to an unlawful, illegal and excessive detention, in violation of State law.

36. That by reason of the foregoing, Plaintiff suffered mental injuries, economic injury, deprivation of liberty and privacy, terror, humiliation, damage to reputation and other psychological injuries. All of said injuries may be permanent.

## VII. <u>THIRD CAUSE OF ACTION</u>
**Pursuant to §1983 (EXCESSIVE FORCE)**

37. Paragraphs 1 through 36 are hereby re-alleged and incorporated by reference herein.

38. That the incident that resulted from the intentional application of physical force by Defendants constituted a seizure. That the use of excessive force in effectuating the seizure was unreasonable under the circumstances.

39. That Defendants had no legal cause or reason to use excessive force in effectuating Plaintiff's arrest.

40. That Defendants violated Plaintiff's Fourth and Fourteenth Amendment right to be free from unreasonable seizures when they used excessive force against him.

41. That at the time of the arrest, Plaintiff did not pose a threat to the safety of the arresting officers.

42. That Plaintiff was not actively resisting arrest or attempting to evade arrest and in fact was already handcuffed when the force occurred.

43. That Defendant CITY, through its officers, agents, and employees, unlawfully subjected Plaintiff to excessive force while effectuating his arrest.

44. That Defendants' actions were grossly disproportionate to the need for action and were unreasonable under the circumstances.

45. That by reason of Defendants acts and omissions, acting under color of state law and within the scope of his authority, in gross and wanton disregard of Plaintiff's rights, subjected Plaintiff to excessive force while effectuating his arrest, in violation of his rights pursuant to the Fourth and Fourteenth Amendments of the United States Constitution.

46. That upon information and belief, in 2012, defendant CITY had a policy or routine practice of using excessive force when effectuating arrests.

47. That upon information and belief, it was the policy and/or custom of defendant CITY to inadequately train, supervise, discipline, and/or terminate their officers, staff, agents and employees, thereby failing to adequately discourage further constitutional violations on the part of their officers, staff, agents and employees.

48. That as a result of the above described policies and customs, the officers, staff, agents and employees of defendant CITY, believed that their actions would not be properly monitored by supervisory officers and that misconduct would not be investigated or sanctioned, but would be tolerated.

49. That the above described policies and customs demonstrate a deliberate indifference on the part of the policymakers of Defendant CITY to the constitutional rights of arrestees and were the cause of the violations of Plaintiff's rights alleged herein.

50. By reason of the foregoing, Plaintiff suffered physical injuries, mental injuries, emotional injuries, economic injury, trauma, humiliation, terror, damage to reputation, and other psychological injuries. All of said injuries may be permanent.

## VIII. FOURTH CAUSE OF ACTION
### Pursuant to State Law (EXCESSIVE FORCE)

51. Paragraphs 1 through 50 are hereby re-alleged and incorporated by reference herein.

52. That the incident that resulted from the intentional application of physical force by Defendants constituted a seizure.

53. That the use of excessive force in effectuating the seizure was unreasonable under the circumstances.

54. That Defendants had no legal cause or reason to use excessive force in effectuating Plaintiff's arrest.

55. That at the time of the arrest, Plaintiff did not pose a threat to the safety of the arresting officers.

56. That Plaintiff was not actively resisting arrest or attempting to evade arrest and in fact was in handcuffs at the time the force occurred.

57. That Defendants' actions were grossly disproportionate to the need for action and were unreasonable under the circumstances.

58. That by reason of Defendants acts and omissions, Defendants, acting under color of state law and within the scope of their authority, in gross and wanton disregard of Plaintiff's rights, subjected Plaintiff to excessive force while effectuating his arrest, in violation of the laws of the State of New York

59. By reason of the foregoing, Plaintiff suffered physical injuries, mental injuries, emotional injuries, economic injury, trauma, humiliation, terror, damage to reputation, and other psychological injuries. All of said injuries may be permanent.

### IX. FIFTH CAUSE OF ACTION
**Pursuant to State Law (ASSAULT and BATTERY)**

60. Paragraphs 1 through 59 are hereby re-alleged and incorporated by reference herein.

61. That Defendants intended to cause harmful bodily contact to Plaintiff.

62. That defendant Defendants, in a hostile manner voluntarily caused Plaintiff's injuries.

63. That Defendants contact with Plaintiff constituted a battery in violation of the laws of the State of New York.

64. That by reason of the foregoing, Plaintiff suffered physical injuries, mental injuries, emotional injuries, economic injury, trauma, humiliation, terror, damage to reputation, and other psychological injuries. All of said injuries may be permanent.

## X. SIXTH CAUSE OF ACTION
### Pursuant to §1983 (MALICIOUS PROSECUTION)

65. Paragraphs 1 through 64 are hereby re-alleged and incorporated by reference herein.

66. That Defendants, with malicious intent, arrested Plaintiff and initiated a criminal proceeding despite the knowledge that Plaintiff had committed no crime.

67. That the criminal matter against Plaintiff was terminated in his favor after approximately one year, and the court dismissed the case under the Speedy Trial Provisions on or around January 7, 2013.

68. That there was no probable cause for the arrest and criminal proceeding.

69. That by reason of Defendants' acts and omissions, Defendants, acting under the color of state law and within the scope of their authority, in gross and wanton disregard of Plaintiff's rights, deprived Plaintiff of his liberty when they maliciously prosecuted him and subjected him to an unlawful, illegal and excessive detention, in violation of his rights pursuant to the Fourth and Fourteenth Amendments of the United States Constitution.

70. That upon information and belief, Defendants had a policy and /or custom of maliciously prosecuting individuals despite the lack of probable cause. Thus, as a result of the above described policies and customs, Plaintiff was maliciously prosecuted despite the fact that he had committed no violation of the law.

71. That upon information and belief it was the policy and /or custom of Defendant CITY to inadequately hire, train, supervise, discipline and /or terminate their officers, staff, agents and employees, thereby failing to adequately discourage further constitutional violations on the part of their officers, staff, agents, and employees.

72. That as a result of the above described policies and customs, Defendant CITY, its staff, agents and employees of Defendant CITY believed that their actions would not be properly monitored by supervisory officers and that misconduct would not be investigated or sanctioned, but would be tolerated.

73. That the above described policies and customs demonstrate a deliberate indifference on the part of the policymakers of Defendant CITY to the constitutional rights of arrestees and were the cause of the violations of Plaintiff's rights alleged herein.

74. That in so acting, Defendant CITY abused its power and authority as policymaker of the NYPD under the color of State and/or local law.

75. That by reason of the foregoing, Plaintiff suffered physical and psychological injuries, traumatic stress, post-traumatic stress disorder, mental anguish, economic damages including attorneys' fees, damage to reputation, shame, humiliation, and indignity.  All of said injuries may be permanent.

### XI. SEVENTH CAUSE OF ACTION
### Pursuant to State Law (MALICIOUS PROSECUTION)

76. Paragraphs 1 through 75 are hereby re-alleged and incorporated by reference herein.

77. That Defendants acted with malicious intent, arrested Plaintiff and initiated a criminal proceeding despite the knowledge that Plaintiff had committed no crime.

78. That the criminal matter will be dismissed in Plaintiff's favor.

79. That there was no probable cause for the arrest and criminal proceeding.

80. Defendants knew or should have known that there was no likelihood of a conviction of Plaintiff.

81. That the criminal matter against Plaintiff was terminated in his favor after approximately one year, and the court dismissed the case under the Speedy Trial Provisions on or around January 7, 2013.

82. That by reason of Defendants acts and omissions, Defendants, acting under the color of state law and within the scope of their authority, in gross and wanton disregard of Plaintiff's rights, deprived Plaintiff of his liberty when they maliciously prosecuted him in violation of the Laws of the State of New York.

83. That by reason of the foregoing, Plaintiff suffered physical and psychological injuries, traumatic stress, post-traumatic stress disorder, mental anguish, economic damages including attorneys' fees, damage to reputation, shame, humiliation, and indignity.  All of said injuries may be permanent.

### XII. EIGHT CAUSE OF ACTION
**Pursuant to State Law (RESPONDEAT SUPERIOR)**

84. Paragraphs 1 through 83 are hereby re-alleged and incorporated by reference herein.

85. That at all times, all Defendants were acting within the scope of their employment.

86. That Defendant CITY was able to exercise control over Defendant Officers' activities.

87. That Defendant CITY is liable for Defendant Officers' actions under the doctrine of respondeat superior.

88. By reason of the foregoing, Plaintiff suffered mental injuries, emotional injuries, economic injury, trauma, humiliation, terror, damage to reputation, and other psychological injuries.  All of said injuries may be permanent.

**INJURY AND DAMAGES**

As a result of the acts and conduct complained of herein, Plaintiff has suffered and will continue to suffer, emotional pain, suffering, inconvenience, injury to his reputation, loss of enjoyment of life, loss of liberty and other non-pecuniary losses. Plaintiff has further experienced severe emotional and physical distress.

WHEREFORE, Plaintiff respectfully requests that judgment be entered:

1. Awarding Plaintiff compensatory damages in a full and fair sum to be determined by a jury;

2. Awarding Plaintiff punitive damages in an amount to be determined by a jury;

3. Awarding Plaintiff interest from April 4, 2012; and

4. Awarding Plaintiff reasonable attorney's fees pursuant to 42 USC §1988; and

5. Granting such other and further relief as to this Court seems proper.

Dated: New York, NY
July 30, 2014

Yours, etc.

_____
JUSTIN M. ROPER, ESQ.
*ATTORNEY FOR PLAINTIFF*
NASS & ROPER LAW, LLP
14 PENN PLAZA, SUITE 2004
NEW YORK, NEW YORK 10122

**ATTORNEY'S VERIFICATION**

JUSTIN M. ROPER, ESQ., an attorney duly admitted to practice before the Courts of the State of New York, affirms the following to be true under the penalties of perjury:

I am an attorney and member of NASS & ROPER LAW, LLP, attorneys for Plaintiff, DESHAWN DANIELS. I have read the annexed COMPLAINT and know the contents thereof, and the same are true to my knowledge, except those matters therein which are stated to be alleged upon information and belief, and as to those matters I believe them to be true. My belief, as to those matters therein not stated upon knowledge, is based upon facts, records, and other pertinent information contained in my files.

The reason this verification is made by me and not Plaintiff is that Plaintiff is not presently in the county wherein the attorneys for the Plaintiff maintain their offices.

DATED:   New York, New York
         July 30, 2014

_____
JUSTIN M. ROPER, ESQ.

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

**DESHAWN DANIELS,**

                              **Plaintiff,**

 – against –

**THE CITY OF NEW YORK,**
**POLICE OFFICER SHELDON BRUTUS,**
**POLICE DETECTIVE DEREK WOODEN,**
**POLICE SERGEANT DANIEL ORTIZ,**
**POLICE OFFICER JOHN DOE(S) #'s 1-2,**

                              **Defendants.**

---

### AMENDED COMPLAINT

---

**NASS & ROPER LAW, LLP**
*Attorneys for Plaintiff*
**DESHAWN DANIELS**
**14 Penn Plaza, Suite 2004**
**New York, New York 10122**
**(718) 775-3246**
**Fax: (718) 775-3246**[*]

---

[*] Not for service of papers.