UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------X
                                                :

DESHAWN DANIELS,                     :

                           Plaintiff,    :

                                :           13-CV-2770 (JPO)

             -v-                :

                                :          <u>OPINION AND ORDER</u>

THE CITY OF NEW YORK, *et. al.*,    :

                    Defendants. :

                                :

-------------------------------------------------------- X

J. PAUL OETKEN, District Judge:

      The City of New York ("the City"), on its own behalf and on behalf of Defendant police officers, moves to enforce a settlement agreement with Plaintiff Deshawn Daniels. (Dkt. No. 67.) Daniels's counsel, John Meehan, responds that he "cannot contest" the facts stated in the City's papers. (Dkt. No. 70.)

      On October 9, 2014, the parties attended a settlement conference with Magistrate Judge Andrew J. Peck. (*See* Dkt. No. 68, Declaration of Elissa B. Jacobs, at ¶¶ 14-15.) Daniels initially demanded $110,000 to settle the case. (*Id.* at ¶19.) The City offered $65,000. (*Id.* at ¶ 21.) Daniels "refused to lower his demand" (*id.* at ¶ 22) and "made a counter demand" of $110,000 (*id.* at ¶ 26). The City accepted his counter demand. (*Id.* at ¶ 23.) But when Judge Peck told Daniels that the City had accepted his counter demand, Plaintiff "changed his mind and [said that] he was no longer willing to accept $ 110,000 to settle the case." (*Id.* at ¶ 25.)

      Settlement agreements are governed by contract law.[1] *See, e.g.*, *Ciaramella v. Reader's Digest Ass'n, Inc.*, 131 F.3d 320, 322 (2d Cir. 1997). Under the common law of contracts, a

---

[1] There is a great deal of confusion over whether the formation of settlement agreements is governed by federal or state common law. *See* Judge Morton Denlow & Jonny Zajac, *Settling the Confusion: Applying Federal Common Law in Settlement Enforcement Proceedings Arising from Federal Claims*, 107 Nw. U. L. Rev. 127 (2012). The Second Circuit appears to favor

counter offer operates as a rejection.  RESTATEMENT (SECOND) OF CONTRACTS § 39.  So when the City offered Daniels $65,000, it rejected his demand of $110,000.  Daniels then rejected the City's offer of $65,000, but in doing so he *simultaneously reiterated his demand of $110,000*: that follows from the undisputed facts that he made a "counter demand" of $110,000 and that he "refused to lower his [$110,000] demand."  And the City accepted Daniels' counter demand before he said anything to indicate that he wished to withdraw his demand.  When the City accepted, a binding contract was formed.  *Id.*

## Conclusion

For the foregoing reasons, Defendants' motion to enforce the settlement agreement is GRANTED.

The parties shall, on or before November 17, 2014, execute a settlement agreement consistent with the terms agreed upon at the October 9, 2014 settlement conference.

Defendants' motion for an adjournment of the trial and of associated deadlines is GRANTED.  The final pretrial conference (scheduled for November 6, 2014) and the jury trial (scheduled for November 10, 2014) are hereby adjourned sine die.

The Clerk of the Court is directed to close the motions at docket numbers 66 and 69.

SO ORDERED.

Dated: October 20, 2014
       New York, New York

_____
J. PAUL OETKEN
United States District Judge

---

federal common law.  *See Pereira v. Sonia Holdings, Ltd. (In re Artha Mgmt., Inc.)*, 91 F.3d 326, 329 (2d Cir. 1996).  And in § 1983 cases, additional factors weigh in favor of applying federal common law.  *See* Denlow & Jonny Zajac, *supra*, at 146 n.146 ("[F]ederal common law should control settlement enforcement proceedings of § 1983 claims.").  The Court, though, need not (and does not) answer the choice-of-law question because, under both federal and state common law, the parties here entered into a binding contract.